MECHANICS BANKING CO. V. EQUITABLE LIFE INS. CO.

**Rights of Assignee of Insurance Policy not Delivered.**
> Where a party takes out a policy of insurance on his life, on the tontine savings fund plan, and thereupon borrows money, to secure which, he executes a third mortgage on real estate and assigns his policy as collateral security; the mortgage proving worthless, leaving the assignment of the policy as the only security, it is prior as against a later assignee having possession of the policy, as the first assignee stands in the shoes of the person making the assignment and is entitled to be first paid.

ERROR.

*Stephens & Losee,* for plaintiff in error.
*Doyle & Lewis,* for defendant in error.

### HAYNES, J.

This is a petition in error brought by the Mechanics Banking Company to reverse the judgment of the court of common pleas. The case arises from, substantially, this state of facts:

George W. Dean took out a policy of insurance on his life, on the tontine savings fund plan, in the Equitable Life Assurance Company. He had not held it a great while before he wanted some money, and, thereupon he proceeded to borrow from Horace N. Gilbert, his brother-in-law, $2,000, to secure which loan, he executed a third mortgage upon certain real estate which he had, and also assigned to the brother-in-law this policy of insurance, as collateral security for the amount of his loan. Subsequently a prior mortgage upon the real estate was foreclosed, and the third mortgage did not receive anything, and the only claim which Gilbert had remaining for his security was the assignment of the insurance policy.

Subsequent to the time of the assignment of the policy to Gilbert, Dean, who still had the policy in his possession and had not actually delivered it to his brother-in-law, went to the plaintiff banking company, in Fostoria, and borrowed $600 on the same tontine policy, made an assignment of the policy and delivered possession of it to the bank. The twenty years which the

Mechanics Banking Co. v. Equitable Life Ins. Co.

policy had to run expired in the meantime, the amount of the policy became due and payable, and this is a suit brought for the purpose of deciding who shall have the preference out of this fund, the bank claiming that it should have payment of its money first, and that the balance should go to Gilbert, and Gilbert claiming that he is entitled first to the amount of his claim by virtue of the foregoing facts. The point that is made and relied upon, largely, by counsel for the banking company, is, that there was no delivery of possession of this policy of insurance to the brother-in-law, at any time, and they claim that in justice and equity and as a fair rule of law, that, the policy of insurance having been left in possession of Dean, and by him transferred to the bank, that, it therefore, acquired the superior right. The court below held in favor of the brother-in-law.

Counsel for plaintiff in error have cited some cases which he claims bear in his favor upon this question. On the other hand, counsel for defendant in error have cited a large number of authorities which, they insist, tend to support their claim. Without discussing those cases, or citing them, we simply say this: that it seems to us that, in an assignment of this kind, the assignee stands in the shoes of the man who makes the assignment, and we think that the brother-in-law, to the extent of his claim, by this assignment stood in the shoes of Dean and is entitled to be first paid out of the moneys. There is, of course, apparently some force in the argument which is made, in which counsel for the banking company claim relief—that, because there was no delivery of actual possession of this policy of insurance to the brother-in-law, therefore, the banking company who took the policy of insurance from Dean would be entitled to a preference, but we think that is not good law—in our opinion, it is not in accordance with the principles that properly govern that class of assignments. The bank, when it took this claim of Dean, took the interest that he had and was bound to know the extent of his interest. If he misled them or misrepresented the facts to them, that was their lookout; it was not a matter that bound the person who already had an assignment. We think this should be so: we think that under the authorities cited by the defendant in error, that the large weight of authority, if not almost the entire weight of authority, is in favor of the position

Lucas County Circuit.

that I have stated—in favor of the position claimed by the brother-in-law, and those authorities can be gathered from the written briefs filed by the respective parties. We, therefore, come to the conclusion that the judgment of the court below should be affirmed.